UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CASTEL

**07 CV 2240**

------------------------------------x

CITY OF NEW YORK,    :    07cv_____

                   Plaintiff,    :

- against -    :

                                                      COMPLAINT

UNITED STATES DEPARTMENT OF    :
JUSTICE,    :

                   Defendant.    :

------------------------------------x

RECEIVED MAR 15 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, the City of New York ("City"), by its attorney, Michael Cardozo, Corporation Counsel of the City of New York, alleges:

### PRELIMINARY STATEMENT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, to compel access to compilations of already public records. Through this lawsuit, the City seeks criminal docket numbers of prosecutions of persons convicted of violating 18 U.S.C. § 922(a)(6), §924(a)(1)(A) and 18 U.S.C. §1001, which prohibit the making of false statements to federal firearms licensees. Access to these records will open agency action to the light of public scrutiny by revealing the public actions of the federal government with respect to enforcement of firearm laws.

### THE PARTIES

2. Plaintiff the City is a municipal corporation organized under the laws of the State of New York.

3. Defendant Department of Justice is a department within the executive branch of the United States government. Defendant is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action and personal jurisdiction over defendant pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-06.

5. Venue is premised on plaintiff's residence and principal place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

6. On November 9, 2006, the City submitted FOIA requests to several United States Attorneys, seeking:

> The criminal docket number, or other means of identifying cases in the PACER system, of cases commenced after January 1, 2000, in which a defendant was indicted for violating 18 U.S.C. § 922(a)(6) or §924(a)(1)(A) or, to the extent a false statement in connection with the acquisition of a firearm is involved, 18 U.S.C. §1001.

(A true and correct copy of the City's request to the United States Attorney for the Southern District of New York is annexed as Exh. A.)

7. The City's FOIA request was denied by letter from the Executive Office for United States Attorneys, Freedom of Information/Privacy Unit, dated November 27, 2006 (November 27th Letter"). That denial was premised on concerns about the release of names of persons. (A true and correct copy of DOJ's denial is annexed as Exh. B.)

2

8.  By letter dated December 22, 2006, the City requested reconsideration of the denial ("December 22 Letter"), and clarified the City's request in two ways. First, it reiterated that the information sought was docket numbers and not the names of defendants. Second, it narrowed the request to include only cases that resulted in a judgment. The December 22 Letter restated the request as follows:

> The criminal docket number of cases commenced after January 1, 2000, in which a judgment was entered (whether on a plea of guilty or jury verdict) for a violation of 18 U.S.C. § 922(a)(6) or §924(a)(1)(A) or, to the extent a false statement in connection with the acquisition of a firearm is involved, 18 U.S.C. §1001.

(A true and correct copy of the December 22 Letter is annexed as Exh. C.)

9.  DOJ responded to the request for reconsideration by letter dated January 23, 2007. The letter denied the restated request. (A true and correct copy of DOJ's denial of the City's request for reconsideration is annexed as Exh. D.)

10. In the course of the exchange between the City and DOJ, the parties agreed to treat all of the City's separate but identical requests to the various United States Attorneys as a single proceeding.

11. The City appealed the initial denial of its FOIA request by letter dated January 4, 2007. (A true and correct copy of the City's appeal is annexed as Exh. E.)

12. The appeal was denied by letter dated February 7, 2007, from the Office of Information and Privacy of DOJ. The letter stated that judicial review may be sought from that denial. (A true and correct copy of DOJ's denial of the appeal is annexed as Exh. F.) The City has therefore exhausted its administrative remedies.

13. The information sought by the City consists solely of docket numbers of cases in which DOJ obtained a judgment. Each such case is already publicly available in

court files and in many instances also available on the Internet. The docket numbers will permit the City to focus on a subset of already public records.

14. The public interest in the disclosure of the information sought is substantial. Access to these records will open agency action to the light of public scrutiny by revealing the public actions of the federal government with respect to enforcement of firearm laws.

15. The provision of docket numbers cannot constitute an invasion of privacy; alternatively, to the extent there would be any invasion of privacy at all, it would not be an unwarranted invasion of privacy.

16. The public's interest in disclosure of the records sought substantially outweighs any privacy interests that may be implicated.

## CLAIM FOR RELIEF

17. Defendant's failure to make available the documents requested by the City violates FOIA, 5 U.S.C. § 552(a)(3)(A).

## RELIEF REQUESTED

**WHEREFORE**, the City respectfully prays that this Court:

a. Declare that the following records must be disclosed by defendant in their entirety:

The criminal docket number of cases commenced after January 1, 2000, in which a judgment was entered (whether on a plea of guilty or jury verdict) for a violation of 18 U.S.C. § 922(a)(6) or §924(a)(1)(A) or, to the extent a false statement in connection with the acquisition of a firearm is involved, 18 U.S.C. §1001.

    b.    Award the City the costs of this proceeding, including reasonable attorneys' fees and costs; and

    c.    Grant such other and further relief as the Court deems just and proper.

Dated:    New York, New York
March 15, 2007

> MICHAEL A. CARDOZO
> Corporation Counsel of the
> City of New York
> Affirmative Litigation Division
> Attorney for Plaintiff
> The City of New York
> 100 Church Street,
> New York, New York 10007
> (212) 788-1012
>
> By: _/s/_____
>     Alan H. Kleinman (AK4284)
>     Eric Proshansky (EP1777)